SYBLE B. STEPHENSON,    )
            )
  Plaintiff/Appellant,   )
            )  Lawrence Chancery
            )  No.  5349 91
VS.          )
            )  Appeal No.
            )  01-A-01-9507-CH-00328
WILBER D. STEPHENSON,   )
            )
  Defendant/Appellee.   )

**FILED**

**February 7, 1996**

**Cecil W. Crowson**

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF LAWRENCE COUNTY

AT LAWRENCEBURG, TENNESSEE


HONORABLE JIM T. HAMILTON, JUDGE

ROBERT D. MASSEY
P.O. Box 409
Pulaski, Tennessee  38478
ATTORNEY FOR PLAINTIFF/APPELLANT


Paul Bates
Christopher V. Sockwell
BOSTON, BATES & HOLT
235 Waterloo Street
P.O. Box 235
Lawrenceburg, Tennessee  38464
ATTORNEYS FOR DEFENDANT/APPELLEE

MODIFIED, AFFIRMED AND REMANDED

        HENRY F. TODD
        PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

SYBLE B. STEPHENSON,               )
                                   )
        Plaintiff/Appellant,       )
                                   )        Lawrence Chancery
                                   )        No.  5349 91
VS.                                )
                                   )        Appeal No.
                                   )        01-A-01-9507-CH-00328
WILBER D. STEPHENSON,              )
                                   )
        Defendant/Appellee.        )


O P I N I O N


In this divorce proceeding, the plaintiff, Syble B. Stephenson, has appealed from a

judgment entered by the Trial Court on April 11, 1995, overruling a motion to alter or amend

a judgment previously entered on November 14, 1994, dealing with distribution of marital

property and indebtedness thereon, child support arrearage, future child support and medical

expenses, visitation and possession of a list of personal belongings.


This cause was before this Court on a previous appeal which was concluded by an

order stating:

> In accordance with the opinion of the Court filed herein, it is,
> therefore, ordered and adjudged by this Court that because the
> Trial Court's division of marital property may affect the award
> of attorney's fees to wife, this Court cannot address this issue
> until the Trial Court places a value on the husband's retirement
> account.  This case is remanded to the Chancery Court of
> Lawrence County for such further proceedings as may be
> necessary.


On remand the Trial Court conducted a hearing on a number of issues and entered the

judgment presently under review.


First issue is as follows:

> 1.  The Trial Court erred in setting the value of the husband's
> retirement account.

The judgment of the Trial Court contains the following:

> It appeared to the Court that the present value of defendant Wilber Don Stephenson's retirement account is Thirty-Eight Thousand Five Hundred Dollars ($38,500.00) as agreed between the parties, but that the net present value of same after Federal Income Taxes is Twenty-Eight Thousand Eight Hundred Seventy-Five Dollars ($28,875.00). . . .
>
> . . . .
>
> The Court further finds that the allocation of assets in this case should require the plaintiff to assume Fifteen Thousand Dollars ($15,000.00) of the indebtedness on the realty at 102 Pond Drive, which has been awarded to her. In order to more evenly divide the marital estate, the Court further finds that the defendant should be awarded the entirety of the parties' silver certificates, making the net result of this transaction a decrease in the assets awarded to plaintiff of Eighteen Thousand Thirty-Seven Dollars ($18,037.00).
>
> . . . .
>
> It is, therefore, ordered by the Court that the prior allocation and distribution of the marital estate is modified to provide that the property indicated in Exhibit 1 awarded to defendant is modified to include the entirety of the parties' silver certificates, and the plaintiff will assume Fifteen Thousand Dollars ($15,000.00) of the indebtedness on the realty awarded her at 102 Pond Drive.

Plaintiff argues that it was error for the Trial Court to discount the present value of the retirement to the extent of income taxes to be due thereon. Plaintiff cites *Kendrick v. Kendrick,* Tenn. App. 1994, 902 S.W.2d 918, in which this Court determined that it was impractical to attempt to establish the present value of the retirement and ordered that, when distribution began, the installments should be divided between the parties as paid. This disposition would require each party to pay income tax on the portion of the retirement payments received. Thus, there was no occasion to consider the effect of anticipated income taxes. The cited authority is not contrary to the action of the Trial Judge in the present case where the entire retirement was assigned to the defendant and other marital property was assigned to plaintiff in lieu of an interest in the retirement.

T.C.A. Section 36-4-121(c)(9) provides:

> C. In making equitable distribution of marital property, the court shall consider all relevant factors, including:
>
> . . . .
>
> (9) The tax consequences to each party.

The right to receive taxable income, such as a retirement, is not as valuable as the right to collect non-taxable income, such as principal payments upon an installment note.

T.C.A. Section 36-4-121(a)(1) requires the courts to equitably divide the marital estate in divorce cases.

The courts are afforded wide discretion in dividing the interest of the parties in jointly owned property. Its distribution will be given great weight on appeal, and will be presumed correct unless the preponderance of the evidence is otherwise. *Lloyd v. Lloyd,* Tenn. App. 1993, 860 S.W.2d 409; *Barnhill v. Barnhill,* Tenn. App. 1991, 826 S.W.2d 443.

In making an equitable distribution of marital assets, it is necessary for the court to evaluate the assets. The judgment of the Trial Courts as to the value of assets must be accorded the same respect as the judgment allotting the various assets to the parties.

The opinion of this Court upon the former appeal included the following:

> . . . Husband also argues that Wife's interest in his retirement as marital property should be based on the amount of pension received by husband after federal income taxes have been paid. We agree. . . .

On remand, counsel agreed that an expert had valued the retirement at $38,500. At the second, July 15, 1994, hearing, defense counsel's opening statement to the Trial Court included the following:

> So we're here as I understand it on the child support issue. The value of the retirement is thirty-eight five. One thing Mr.

Massey failed to mention was in the Court of Appeals' decision, Your Honor will remember, on the fourth or fifth page, they said it ought to be figured on after tax dollars. After tax dollars. So the present value is thirty-eight five. Whatever tax bracket he's in I used twenty-five percent. I don't think that's unreasonable. . . .

There was no other statement or evidence as to the appropriate reduction for taxes.

In the same hearing, defendant testified:

Q. Back when you first talked to me, your check stub showed you were making three forty-six fifteen a week, but now you've got a raise.

A. That's correct.

Q. Now you're making four twenty-three-o-eight a week?

A. Yes, sir.

The Trial Court reduced the estimate of the expert by 25%.

On appeal to this Court, plaintiff's brief argues:

It is the original plaintiff/appellee's position that the trial court erred in reducing the value from Thirty-Eight Thousand, Five Hundred Dollars ($38,500.00) to Twenty-Eight Thousand, Eight Hundred and Seventy-Five Dollars ($28,875.00) as the trial court did. (Original supplemented TR, 17).

This Court has previously recognized the present value method of valuing pensions and retirement plans. *Kendrick v. Kendrick,* 902 S.W.2d 918 (Tenn. App. 1994). The present value plan does not require the court to discount the present value by federal income taxes (noting there was no proof as to the original defendant/appellant's tax bracket) and the trial court has therefore erred by discounting same.

Defendant's brief does not argue or cite evidence to support the amount of the reduction.

Plaintiff's reply brief states:

The original plaintiff/appellee would reiterate that there was no proof adduced at the hearing on remand to establish the tax

> bracket of the appellee. The after tax figure of $23,825.00
> which reduced the present value of the retirement account,
> $38,500.00, by 25% was purely speculative.

> She reasserts her position as set forth in her original brief.

There is no evidence as to the annual payments of retirement due defendant. His past income was shown to be $41,000 per year, and his present income was shown to be $423.08 per week, or $22,000 per year. The Trial Court evidently estimated the annual payments under the retirement, and took judicial notice of applicable federal revenue statutes as required by T.R.E. Rule 202(a).

The evidence does not preponderate against the finding of the Trial Court as to the value of the subject retirement. Such finding is therefore presumed correct and is affirmed.

Plaintiff's third issue is:

> 3. The Trial Court erred by reallocating the asset and debt
> division from that which was originally found in the initial
> trial.

Plaintiff argues:

> The trial court, rather than adhere to the mandate issued by
> this Honorable Court by determining a value of the retirement
> account and allowing the case to return to this Honorable Court
> for a final determination of the issues, reallocated marital assets
> and debt in a manner that benefited the original defendant/
> appellant and is in direct conflict with the court's previous
> opinion.

The judgment of this Court, quoted above, does not pre-empt the authority of the Trial Court to redistribute the marital property as necessary after performing the mandate to evaluate the pension. The "remand for further proceedings" included the authority to make the distribution "equitable" in the light of the actual value of the retirement. Nothing is found in the former opinion of this Court to preclude adjustment of the property distribution to conform to the finding of value mandated by this Court.

This Court is a court of appellate and not original jurisdiction. Its function is to review the findings and conclusions of the courts of original jurisdiction rather than to usurp the original jurisdiction of the Trial Courts.

No error is found in the action of the Trial Court in adjusting the distribution to conform to his further finding of fact.

Plaintiff does not challenge the equitable fairness of the ultimate distribution of assets.

Plaintiff's second issue is:

> 2. The Trial Court erred in establishing the proper amount of child support arrearage.

The judgment of the Trial Court contains the following:

> This case was heard on the 15th day of July, 1994, on remand from the Court of Appeals including the motion of Wilber Don Stephenson to modify child support, answer and counter-petition on behalf of Syble B. Stephenson, testimony of the parties in open court, exhibits thereto, and the entire record in the case.

Plaintiff asserts that the only evidence in the record supports a judgment of $4,801.25. The judgment reviewed by this Court in the former appeal set child support at $90.00 per week or $360.00 per month. The opinion of this Court states:

> We therefore modify Husband's child support obligation to $379. per month.

The arrearage may be computed as $4,801.25 by using $90.00 per week as allowed by the former judgment of the Trial Court. However, the opinion of this Court superseded the $90.00 per week and substituted $379.00 per month which produces an arrearage of $4,271.00. The arrearage judgment of the Trial Court will be reduced to this amount.

Otherwise, no error is found in the arrearage judgment.

Plaintiff's fourth and final issue is:

> 4. The Trial Court erred by finding that alimony previously awarded should be changed to no alimony.

The original decree of divorce, entered on August 4, 1992, provided:

> It is, therefore, ordered by the Court that the defendant pay the sum of Sixty Dollars ($60.00) per week to the plaintiff as rehabilitative alimony for a period of thirty-six (36) months or until the plaintiff remarries, whichever occurs first.

The opinion of this Court upon the former appeal states:

> Husband asserts that the trial court erred in awarding rehabilitative alimony to wife. Because the court's division of marital property may affect an award of alimony, we conclude that it is inappropriate to address this issue because we are unable to resolve the division of marital property at this time.

The judgment of the Trial Court on remand states:

> It appears to the Court that the plaintiff took a voluntary lay-off following the trial of this cause and that she has made no effort toward rehabilitation, and accordingly an award of alimony in this case is improper.

There is no other reference to alimony in the quoted judgment.

The judgment contains no order implementing the quoted finding. A finding without a resulting order is ineffective. For this reason, the original provision for 36 monthly alimony payments remains in force and effect, and there is no modification of alimony as complained by plaintiff.

The judgment of the Trial Court is modified to reduce the judgment for child support arrearage from $4,801.25 to $4,271.00, to bear lawful interest from November 14, 1994. As

modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded for further proceedings as necessary and proper.

-9-

Modified, Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE